

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARNAZ THORNTON, as Personal Representative of the Estate of MICHAEL SMITH<br><br>Plaintiff,<br><br>vs.<br><br>UNKNOWN CITY OF CHICAGO POLICE OFFICERS, in their individual capacities, and THE CITY OF CHICAGO, ILLINOIS<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

06CV6592
JUDGE KENNELLY
MAGISTRATE JUDGE NOLAN
— — — — — — — — — — — — —
No.:
Jury Demand

**FILED**
NOV 2 9 2006  NF

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

### COMPLAINT AT LAW

NOW COMES the Plaintiff, ARNAZ THORNTON, as personal representative of the estate of MICHAEL SMITH, deceased, and alleges against the Defendants, THE CITY OF CHICAGO and UNKNOWN CITY OF CHICAGO POLICE OFFICERS, as follows:

### JURISDICTION

1.      The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, the Judicial Code, 28 U.S.C. §1331 and 1343(a) and the Constitution of the United States.

### VENUE

2.      Venue is appropriate in the Northern District of Illinois pursuant to 28 USC § 1391(b) as at least one of the Defendants resides in Cook County, located in this district.

## PARTIES

3.      The Plaintiff, Arnaz Thornton, is the appointed personal representative of the estate of Michael Smith, deceased.

4.      At all times relevant to this matter, Unknown City of Chicago Police Officers ("Defendant Officers"), were duly appointed and sworn police officers of the City of Chicago, County of Cook, in the State of Illinois. The Defendant Officers are sued in their individual capacities.

5.      The Defendant City of Chicago is a duly incorporated municipal corporation and is the employer and principal of the Defendant Officers.

6.      At all times relevant to this Complaint, the Defendant Officers were acting under the color of state law, ordinance and/or regulation, statute, custom and usage of the City of Chicago, County of Cook, and State of Illinois.

## FACTS COMMON TO ALL COUNTS

7.      On or about November 18, 2006, the Decedent, Michael Smith, was exiting a convenience store located at or around East 63rd Street and South Evans Avenue, Chicago, IL.

8.      On said date and at said time, the Defendant Officers, dressed in plain clothes, approached Michael Smith.

9.      At said time, without provocation, one of the Defendant Officers directed and discharged his firearm at Michael Smith, resulting in his death.

10.     Michael Smith died from the gunshot wound he sustained when he was shot by the Defendant Officer.

2

11. At least one witness observed the interactions between the Defendant Officers and Michael Smith. This witness did not observe Michael Smith take any action that warranted one of the Defendant Officers to discharge his firearm or shoot him.

12. On November 18, 2006, Michael Smith did not assault and/or batter the Defendant Officers.

13. On November 18, 2006, Michael Smith did not threaten the Defendant Officers.

14. On November 18, 2006, Michael Smith did not provoke the Defendant Officers in any manner that justified the use of force against him.

15. On November 18, 2006, Michael Smith did not have a weapon on his person when he was shot by one of the Defendant Officers.

16. On November 18, 2006, Michael Smith did not engage in any activity that caused the Defendant Officers to believe that he was going to cause them injury.

17. It was not necessary for one of the Defendant Officers to shoot Michael Smith on November 18, 2006.

18. The use of force initiated and utilized by the Defendant Officers was excessive, unreasonable and caused Michael Smith's death.

19. The force utilized by the Defendant Officers was reckless, willful and utterly disregarded the rights and safety of Michael Smith. This conduct was performed deliberately, with oppression, with such gross negligence so as to indicate a wanton disregard for the rights of Michael Smith.

20. The conduct of the Defendant Officers proximately caused Michael Smith's death.

3

21.     As a result of Michael Smith's death, his heirs have been deprived of his companionship, society, love, affection and a pecuniary interest.

22.     As a result of the conduct of the Defendant Officers, Michael Smith suffered pain and anguish prior to his death.

## COUNT I
**(Section 1983 Claim Against Unknown Defendant Officers - Excessive Force –**
***Wrongful Death*)**

23.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

24.     The discharge of a firearm by one of the Defendant Officers, without provocation, constitutes an excessive use of force in violation of §42 U.S.C. 1983 and the United States Constitution.

25.     The conduct of the Defendant Officers proximately caused Michael Smith's death and for his heirs to lose his companionship, society, love, affection and suffer a pecuniary loss.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and award the Plaintiff compensatory damages, attorney fees, the costs incurred in this matter, and any further relief that this Court deems just.

## COUNT II
**(Section 1983 Claim Against Unknown Defendant Officers - Excessive Force –**
***Survival Act*)**

26.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

4

27.     The discharge of a firearm by one of the Defendant Officers, without provocation, constitutes an excessive use of force in violation of §42 U.S.C. 1983 and the United States Constitution.

28.     Pursuant to common law and the Illinois Survival Statute, the Plaintiff, as representative of Michael Smith's estate, brings this action to recover damages resulting from injuries to Michael Smith.

29.     The actions of the Defendant Officers proximately caused Michael Smith to sustain injuries and suffer damages of a personal and pecuniary nature, including pain and suffering prior to his death for which, had he survived, he would have been entitled to maintain an action.

30.     Such action has survived him and accrued to the benefit of his heirs at law.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and award the Plaintiff compensatory damages, attorney fees, the costs incurred in this matter, and any further relief that this Court deems just.

## COUNT III
### (Section 1983 Claim Against Unknown Defendant Officers – Failure to Intervene – *Wrongful Death*)

31.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

32.     The failure of one of the Defendant Officers to intervene when an Officer displayed and directed his firearm at Michael Smith, and shot him, without provocation, constitutes a violation of §42 U.S.C. 1983.

33.     The conduct of this Defendant Officer proximately caused Michael

5

Smith's death and for his heirs to lose his companionship, society, love, affection and suffer a pecuniary loss.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and award the Plaintiff compensatory damages, attorney fees, the costs incurred in this matter, and any further relief that this Court deems just.

## COUNT IV
### (Section 1983 Claim Against Unknown Defendant Officers – Failure to Intervene – *Survival Act*)

34.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

35.     The failure of one of the Defendant Officers to intervene when a Defendant Officer displayed and directed his firearm at Michael Smith, and shot him, without provocation, constitutes a violation of §42 U.S.C. 1983.

36.     Pursuant to common law and the Illinois Survival Statute, the Plaintiff, as representative of Michael Smith's estate, brings this action to recover damages resulting from injuries to Michael Smith.

37.     The actions of the Defendant Officers proximately caused Michael Smith to sustain injuries and suffer damages of a personal and pecuniary nature, including pain and suffering prior to his death for which, had he survived, he would have been entitled to maintain an action.

38.     Such action has survived him and accrued to the benefit of his heirs at law.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and award the Plaintiff compensatory damages,

6

attorney fees, the costs incurred in this matter, and any further relief that this Court deems just.

## COUNT V
### (Assault and Battery Against Unknown Defendant Officers – *Wrongful Death*)

39.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

40.     One of the Defendant Officers intentionally directed and discharged his firearm at Michael Smith without provocation or just cause.

41.     One of the Defendant Officers shot and killed Michael Smith without just cause.

42.     Michael Smith did not consent to having a firearm pointed at him.

43.     Michael Smith did not consent to being shot by one of the Defendant Officers.

44.     The Defendant Officers placed Michael Smith in apprehension of being battered, thus constituting an assault under Illinois law.

45.     The Defendant Officer that shot Michael Smith committed a battery against him under Illinois law.

46.     The Defendant Officers conduct proximately caused Michael Smith's death, thereby depriving his heirs of his companionship, society, love, affection and pecuniary interests.

WHEREFORE, the Plaintiff, respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and award compensatory damages, the costs incurred in this matter, and any further relief that this Court deems just.

7

## COUNT VI
### (Assault and Battery Against Unknown Defendant Officers –
*Survival Act)*

47.    The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

48.    Pursuant to common law and the Illinois Survival Statute, the Plaintiff, as representative of Michael Smith's estate, brings this action to recover damages resulting from injuries to Michael Smith.

49.    One of the Defendant Officers intentionally directed and discharged his firearm at Michael Smith without provocation or just cause.

50.    One of the Defendant Officers shot and killed Michael Smith without provocation or just cause.

51.    Michael Smith did not consent to having a firearm directed or fired at his person.

52.    Michael Smith did not consent to being shot by the Defendant Officers.

53.    The actions of the Defendant Officers placed Michael Smith in apprehension of being battered, and thus constituted an assault under Illinois law.

54.    The Defendant Officer that shot Michael Smith committed a battery under Illinois law.

55.    The Defendant Officers actions proximately caused Michael Smith to sustain injuries and suffer damages of a personal and pecuniary nature, including pain and suffering prior to his death for which, had he survived, he would have been entitled to maintain an action.

56.    Such action has survived him and accrued to the benefit of his heirs at law.

8

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and award the Plaintiff compensatory damages, costs incurred in this matter, and any further relief that this Court deems just.

## COUNT VII
### (State Law Claim Against the City of Chicago for
### Willful and Wanton Behavior – *Wrongful Death*)

57. The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

58. The City of Chicago, by and through the Defendant Officers, owed Michael Smith a duty to refrain engaging willful, wanton and reckless conduct during their interactions with him on November 18, 2006.

59. Notwithstanding the duties the City of Chicago owed to Michael Smith, the Defendant Officers committed the following willful and wanton acts:

    a. Discharged a firearm at Michael Smith although they knew, or in the exercise of reasonable care should have known, that he did not pose an imminent threat to the Defendant Officers;

    b. Shot Michael Smith although they knew, or in the exercise of reasonable care should have known, that he did not pose an imminent threat to the Defendant Officers;

    c. Discharged a firearm at Michael Smith although he was unarmed; and

    d. Shot Michael Smith although he was unarmed.

60. The acts and omissions of the City of Chicago, by and through the Defendant Officers, proximately caused Michael Smith's death, thereby depriving his heirs of his society, companionship, love, affection and pecuniary interests.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and award the Plaintiff compensatory damages, costs incurred in this matter, and any further relief that this Court deems just.

## COUNT VIII
### (State Law Claim Against the City of Chicago for Willful and Wanton Behavior – *Survival Act*)

61.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

62.     Pursuant to common law and the Illinois Survival Statute, Arnaz

Thornton, as representative of Michael Smith's estate, brings this action to recover damages resulting from injuries to Michael Smith.

63.     The City of Chicago, by and through the Defendant Officers, owed Michael Smith a duty to refrain engaging willful, wanton and reckless conduct during their interactions with him on November 18, 2006.

64.     Notwithstanding the duties the City of Chicago owed to Michael Smith, the Defendant Officers committed the following willful and wanton acts:

a.     Discharged a firearm at Michael Smith although they knew, or in the exercise of reasonable care should have known, that he did not pose an imminent threat to the Defendant Officers;

b.     Shot Michael Smith although they knew, or in the exercise of reasonable care should have known, that he did not pose an imminent threat to the Defendant Officers;

c.     Discharged a firearm at Michael Smith although he was unarmed; and

d.     Shot Michael Smith although he was unarmed.

65.     The acts and omissions of the City of Chicago, by and through the Defendant Officers, proximately caused Michael Smith to sustain injuries of a personal

and pecuniary nature, including pain and suffering prior to his death for which, had he survived, he would have been entitled to maintain an action.

66.     Such action has survived him and accrued to the benefit of his heirs at law.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and award the Plaintiff compensatory damages, costs incurred in this matter, and any further relief that this Court deems just.

**COUNT IX**
**(State Law Claim Against Unknown Defendant Officers for**
**Willful and Wanton Behavior – *Wrongful Death*)**

67.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

68.     The Defendant Officers owed Michael Smith a duty to refrain from willful, wanton and reckless behavior during their interactions with him on November 18, 2006.

69.     Notwithstanding the duties they owed to Michael Smith, the Defendant Officers committed the following willful and wanton acts:

a.      Discharged a firearm at Michael Smith although they knew, or in the exercise of reasonable care should have known, that he did not pose an imminent threat to the Defendant Officers;

b.      Shot Michael Smith although they knew, or in the exercise of reasonable care should have known, that he did not pose an imminent threat to the Defendant Officers;

c.      Discharged a firearm at Michael Smith although he was unarmed; and

d.      Shot Michael Smith although he was unarmed.

70.     The Defendant Officers acts and omissions proximately caused Michael Smith's death, thereby depriving his heirs of his companionship, society, love, affection and pecuniary interest.

WHEREFORE, the Plaintiff requests that this court enter judgment in favor of the Plaintiff and for compensatory damages, costs incurred in this matter, and any further relief that this Court deems just.

## COUNT X
### (State Law Claim Against Unknown Defendant Officers for Willful and Wanton Behavior – *Survival Act*)

71.     The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 22 as though fully set forth in this Count.

72.     Pursuant to common law and the Illinois Survival Statute, Arnaz Thornton, as Michael Smith's appointed representative, brings this action to recover damages resulting from injuries to Michael Smith.

73.     The Defendant Officers owed Michael Smith a duty to refrain engaging willful, wanton and reckless conduct during their interactions with him on November 18, 2006.

74.     Notwithstanding the duties the Defendant Officers owed to Michael Smith, the Defendant Officers committed the following willful and wanton acts:

a.      Discharged a firearm at Michael Smith although they knew, or in the exercise of reasonable care should have known, that he did not pose an imminent threat to the Defendant Officers;

b.      Shot Michael Smith although they knew, or in the exercise of reasonable care should have known, that he did not pose an imminent threat to the Defendant Officers;

c.      Discharged a firearm at Michael Smith although he was unarmed; and

12

d.   Shot Michael Smith although he was unarmed.

75.   The acts and omissions of the Defendant Officers proximately caused Michael Smith to sustain injuries of a personal and pecuniary nature, including pain and suffering prior to his death for which, had he survived, he would have been entitled to maintain an action.

76.   Such action has survived him and accrued to the benefit of his heirs at law.

77.   As a direct and proximate result of one or more the aforesaid acts or omissions of the Defendant Officers, the Decedent, Michael Smith, was injured and suffered damages of a personal and pecuniary nature, including pain and suffering prior to his death for which, had he survived, he would have been entitled to maintain an action.

78.   Such action has survived him and accrued to the benefit of his heirs at law.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court enter judgment in favor of the Plaintiff and award the Plaintiff compensatory damages, costs incurred in this matter, and any further relief that this Court deems just.

**COUNT XI**
**(745 ILCS 10/9-102 Claim against the City of Chicago)**

79.   The Plaintiff hereby incorporates and re-alleges paragraphs 1 through 78 as though fully set forth this Count.

80.   The City of Chicago was at all times relevant to this complaint charged with oversight of the Defendant Officers.

81.   The City of Chicago was at all times relevant to this complaint the employer of the Defendant Officers.

82. The Defendant Officers committed the above-referenced acts under color of law and in the scope of their employment as employees of the City of Chicago.

Wherefore, should the Defendant Officers be found liable for the acts alleged in this complaint, Plaintiff demands that pursuant to 745 ILCS 10/9-102, the City of Chicago pay any judgment obtained against Defendant Officers in connection with this litigation and such other additional relief, as this Court deems equitable and just.

## COUNT XII
### (*Respondeat Superior* Claim Against the City of Chicago)

83. The Plaintiff hereby re-alleges and incorporates paragraphs 1 through 78 as though fully set forth in this Count.

84. The Defendant Officers were at all times relevant to this complaint employees of the City of Chicago, and discharged in the conduct complained of in the course and scope of their employment.

85. The City of Chicago is and was at all times material to this complaint the employer and principal of the Defendant Officers.

86. The above-referenced acts of the Defendant Officers were in the scope of their employment as Officers with the City of Chicago, and therefore the City of Chicago, as the principal of the Defendant Officers, is liable for the actions of its agents under the doctrine of *respondeat superior*.

WHEREFORE, the Plaintiff, respectfully requests that this Honorable Court enter judgment against in favor of the Plaintiff and award the Plaintiff compensatory damages and any further relief this Honorable Court deems just.

14

Respectfully submitted,

_____
One of Plaintiff's Attorneys

Richardson, Stasko, Boyd & Mack, LLC
Attorneys for Plaintiff
20 S. Clark St., Suite 500
Chicago, IL 60603
(312) 372-7075
ARDC No. 6256982
ARDC No. 6287455